# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4196

_____

United States of America,      \*

     \*

     Appellee,      \*

     \*    Appeal from the United States

v.      \*    District Court for the

     \*    Western District of Missouri.

Richard C. Malone,      \*

     \*      [UNPUBLISHED]

     Appellant.      \*

_____

Submitted: March 31, 1999

Filed: June 10, 1999

_____

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Richard C. Malone challenges his 76-month sentence imposed by the district court,[1] following his plea of guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846. We affirm.

For reversal, Mr. Malone contends the district court abused its discretion by considering at sentencing certain laboratory reports establishing the purity of the

_____

[1] The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

methamphetamine in his offense, because--although the reports were prepared months earlier--the government did not provide them to the probation officer until after the time for filing objections to the presentence investigation report (PSR) had expired. See Fed. R. Crim. P. 32(b)(6)(B) (14-day time limit for objections to PSR). Mr. Malone relies on Federal Rule of Criminal Procedure 32(b)(6)(D), under which the district court "[f]or good cause shown . . . may allow a new objection to be raised at any time before imposing sentence," and a related local rule. He argues that the district court was required specifically to find "good cause" before considering the reports, and that "good cause" did not exist.

The government produced the laboratory reports five days after Mr. Malone filed a timely objection to the amended PSR, in which he argued that the drug quantity recommended by the probation officer did not warrant the imposition of a 5-year statutory minimum. See 21 U.S.C. § 841(b)(1)(B)(viii) (1994) (mandatory minimum of 5 years imposed for "10 grams or more of methamphetamine" or "100 grams or more of a mixture or substance containing a detectable amount of methamphetamine").[2] The laboratory reports indicated for the first time that the offense conduct involved more than 10 grams of actual methamphetamine. After the reports were produced, the district court on its own motion continued the sentencing hearing for three weeks to allow Mr. Malone time to respond to the new evidence.

Initially, we note that because the laboratory reports were first provided as evidence in response to Mr. Malone's PSR objection, it is unclear whether Rule 32(b)(6)(D)'s "good cause" showing for "new objection[s]" was triggered here. Assuming the rule applies, we find that the district court carefully reviewed Mr. Malone's objection and that although the court did not use the precise language, it

_____

[2]Although the changes are not applicable here, this statute was recently amended. See Methamphetamine Trafficking Penalty Enhancement Act of 1998, Pub. L. No. 105-277, Div. E § 2(a)(2), 112 Stat. 2681, 2681-759 (1998).

found good cause for considering the reports.  See United States v. Barajas-Nunez, 91 F.3d 826, 829-30 (6th Cir. 1996) (although district court did not make specific finding, its "comments and actions" indicated it found "good cause" present for considering request for downward departure first made at allocution).

The laboratory reports were directly relevant to a material sentencing factor, and the government was required by the plea agreement to provide its "entire investigative file" to the court and the probation office.  The government apparently produced the reports soon after receiving them from the Missouri State Highway Patrol.  Mr. Malone had three weeks to respond to the evidence and has not challenged its accuracy or claimed surprise or prejudice.  Under the circumstances, we reject Mr. Malone's contention that the district court abused its discretion by relying on the laboratory reports at sentencing.  See 18 U.S.C. § 3553(a)(1) (sentencing court must consider "nature and circumstances of the offense"); United States v. Jones, 70 F.3d 1009, 1010 (8th Cir.1995) (per curiam) (Rule 32(b)(6)(B) is intended to allow time to address and investigate PSR objections prior to sentencing hearing); cf. United States v. Garcia, 78 F.3d 1457, 1462-63 n.6 (10th Cir.) (judge must establish relevant facts for sentencing, regardless of position taken by parties), cert. denied, 517 U.S. 1239 (1996).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.