### UNITED STATES of America, Plaintiff–Appellant,

v.

### Weislan CZUPER, also known as Wiesiek, also known as Wieslaw Czuper, also know as Kaminski Wieslaw, also known as Piotr Nadolny, Defendant–Appellant.

#### No. 99–6588.

United States Court of Appeals, Sixth Circuit.

March 15, 2001.

Before NORRIS and DAUGHTREY, Circuit Judges; ZATKOFF, District Judge.*

Wieslan Czuper was convicted of harboring unlawful aliens, fraud and misuse of visa permits and documents, fraud regarding identification documents and information, and making false statements regarding a matter within the jurisdiction of the federal government, violations of 8 U.S.C. § 1324(a) as well as 8 U.S.C. §§ 1101, 1028(a) and 1546(a). On November 10, 1999, Czuper was sentenced to twenty months of imprisonment and three years of supervised release. It is from this judgment that he now appeals. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Czuper now argues that the prosecuting attorney violated 18 U.S.C. § 201(c)(2), by granting three illegal aliens immunity and by allowing them to stay and work in this country in exchange for their testimony against him at trial. This argument is based on the initial decision of a Tenth Circuit panel in *United States v. Singleton,* 144 F.3d 1343, 1347 (10th Cir.1998), *vacated en banc,* 165 F.3d 1297, 1299–1302 (10th Cir.), *cert. denied,* 527 U.S. 1024, 119 S.Ct. 2371, 144 L.Ed.2d 775 (1999). Czuper acknowledges that the reasoning of the *Singleton* panel was squarely rejected by our court in *United States v. Ware,* 161 F.3d

---

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

414, 418–25 (6th Cir.1998), *cert. denied,* 526 U.S. 1045, 119 S.Ct. 1348, 143 L.Ed.2d 511 (1999). Nevertheless, he argues that his case is distinguishable because the disputed witnesses at his trial received a greater benefit from the government. Czuper did not raise this argument at trial. Therefore, he has waived it in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996).

The district court did not commit plain error here because the value of the disputed benefit was not relevant to the analysis in *Ware.* Instead, our court joined several other circuits, including the Tenth, and held that § 201(c)(2) was simply not applicable to the federal government or its prosecutors. *Ware,* 161 F.3d at 418–24. Moreover, the alleged violation of § 201(c)(2) would not have affected Czuper's substantial rights because it would not have provided a basis for excluding the testimony of the disputed witnesses. *See id.* at 424–25.

Accordingly, the district court's judgment is affirmed.