**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos FREEMAN, Defendant–**
**Appellant.**

No. 00–5403.

United States Court of Appeals,
Sixth Circuit.

May 8, 2001.

Before NORRIS and COLE, Circuit Judges; HOLSCHUH, District Judge.*

*ORDER*

Carlos Freeman appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In October 1999, Freeman pleaded guilty in the United States District Court for the Western District of Kentucky to aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2 and 2113(d), and use of a firearm during a crime of violence in violation of 18 U .S.C. § 924(c). (99CR–00101–001–S). In a separate case, transferred to the Western District of Kentucky pursuant to Fed.R.Crim.P. 20, Freeman pleaded guilty to conspiracy to commit bank robberies in violation of 18 U.S.C. § 371. (99CR–00143–001–S). Prior to sentencing, the district court granted Freeman a USSG § 5K1.1 departure. In a single judgment, the court sentenced him to a total of 138 months of imprisonment. Freeman has filed a timely appeal.

* The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.

On appeal, Freeman's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising the following issues for review: 1) whether the district court properly sentenced Freeman; and 2) whether Freeman entered valid guilty pleas.

■ Upon review, we conclude that the district court properly sentenced Freeman. A defendant may only seek review of his sentence on the grounds that: 1) the sentence was imposed in violation of law; 2) the sentence was imposed as a result of an incorrect application of the guidelines; 3) the sentence represented an upward departure from the applicable guidelines range; or 4) the sentence is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guidelines. *See* 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994); *United States v. Lavoie*, 19 F.3d 1102, 1103 (6th Cir.1994).

Freeman has not presented any issue which fits these criteria. Freeman's original total offense level was 30, his Criminal History Category score was II, and the resulting guidelines range was 168–195. However, the court eventually granted Freeman a three-level downward departure. Thereafter, the court determined that Freeman's total offense level was 27 and that his Criminal History Category score was II. This resulted in a guidelines imprisonment range of 138–157 months. Thus, Freeman's sentence of 138 months was within the applicable guidelines range.

■ We also conclude that Freeman entered valid guilty pleas to the charged offenses. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). With respect to both criminal cases, the court explained the rights that Freeman was waiving, and determined that no additional promises or threats had been made to compel him to plead guilty. The court also reviewed the indictments with Freeman to ensure that he understood the charges against him, and it explained the potential penalties associated with the guilty pleas. Moreover, Freeman acknowledged his involvement in the charged offenses. Hence, the record reflects that Freeman entered valid guilty pleas.

■ Although the issue was not raised by counsel, we conclude that Freeman's substantial rights were not violated when the district court failed to advise him of the mandatory minimum sentence for his § 924(c) conviction. District courts are required to address a defendant personally in open court to inform him of, and determine that he understands, the mandatory minimum penalty provided by law for the charged offenses. Fed.R.Crim.P. 11(c)(1). Because Freeman did not object to the district court's failure to advise him of the mandatory minimum, we review this issue only for "plain error" that affects Freeman's substantial rights. Fed.R.Crim.P. 52(b); *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). Here, it is undisputed that the plea agreement between the parties established that the mandatory minimum sentence for the § 924(c) charge was 60 months. Hence, the district court did not commit plain error because Freeman was otherwise made aware of the mandatory minimum sentence for his offense.

Finally, we have reviewed the record and discovered no other error warranting reversal of Freeman's convictions or sentence.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.