UNITED STATES of America, Plaintiff–Appellee,

v.

James BRIGHT, Defendant–Appellant.

No. 01–6467.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2002.

Before NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.*

### ORDER

James Bright pleaded guilty to conspiracy to possess cocaine for intended distribution. *See* 21 U.S.C. §§ 841(a)(1) *and* 846. On September 18, 2001, he was sentenced to 270 months of imprisonment and five years of supervised release. His appeal from that judgment has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Bright's attorney has filed a motion to withdraw and brief indicating that there are no colorable issues to appeal. *See*

*Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that Bright may wish to argue that he should have been sentenced below the applicable guideline range. In a pro se brief, Bright also argues that his indictment was defective, that his guilty plea was invalid, that he was improperly found to be a career offender, and that he was denied the effective assistance of counsel. However, an independent examination of the record reveals no issue that would support an appeal in this case. *See id.*

■ Bright pleaded guilty to a superceding indictment, which charged that he had conspired to possess over five kilograms of cocaine for intended distribution, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He now argues that the indictment was defective because it did not indicate the specific subsection of 21 U.S.C. § 841(b) that established the maximum sentence to which he was exposed. This argument fails because the indictment expressly indicated the quantity of drugs that was used to determine Bright's maximum sentence under § 841(b)(1)(A)(II). Thus, it did not violate the holding in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Bright filed a petition to enter a guilty plea to the conspiracy charge in the indictment. The rearraignment transcript indicates that his plea was valid and that the district court substantially complied with the requirements of Fed.R.Crim.P. 11. The court determined that Bright understood his rights, the nature of the charges, and the consequences of his plea. Bright indicated that his guilty plea was voluntary, and he acknowledged a sufficient factual basis for his plea.

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

■ Bright now argues that his plea was defective because there was insufficient evidence to show that he had participated in the conspiracy. This argument is refuted by the record which shows that he was charged with conspiracy in the indictment, that he petitioned to plead guilty to that charge, and that he pleaded guilty to conspiracy in open court. Moreover, the district court established that Bright understood the charge and the meaning of a conspiracy before it accepted his plea. It also established a sufficient factual basis to support his plea to a conspiracy charge.

The presentence report indicated that Bright was a career offender and that he was subject to a sentencing guideline range of 262 to 327 months. The defense moved for a downward departure from that range, arguing that Bright's criminal history overstated the seriousness of his past conduct and that he did not have a sufficient opportunity to show post-arrest rehabilitation. The sentencing court rejected these arguments, and counsel now suggests that Bright may wish to argue that the court should have departed from the applicable range. There is, however, no indication that the court was unaware of its discretion to depart downward in appropriate cases. Thus, the district court's informed decision not to exercise that discretion here is simply not reviewable on appeal. *See United States v. Henderson,* 209 F.3d 614, 618 (6th Cir. 2000).

Bright did not raise any other significant legal arguments at sentencing. Thus, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No potential error is apparent from the present record. In this regard, we note that Bright does not have a cognizable *Apprendi* claim, as this sentence also fell below the statutory maximum of life imprisonment that is authorized by 21 U.S.C. § 841(b)(1)(A)(II).

■ Bright argues that the district court erred by finding that he was a career offender within the meaning of USSG § 4B1.1, as the state court had consolidated his prior convictions for burglary and armed robbery at sentencing. However, Bright admitted that these offenses were separated by an intervening arrest. Therefore, they cannot be considered related offenses under § 4B1.1, and Bright was properly determined to be a career offender, since he had at least two prior convictions for unrelated violent offenses. *See* USSG § 4A1.2(a)(2), comment. (n.3) (2000); *United States v. Davis,* 15 F.3d 526, 532 (6th Cir.1994).

Finally, Bright argues that he was denied the effective assistance of counsel because he was advised to plead guilty. However, any ineffective assistance claim that Bright might have would properly be raised in a motion to vacate his sentence under 28 U.S.C. § 2255, rather than on direct appeal. *See United States v. Allison,* 59 F.3d 43, 46–47 (6th Cir.1995).

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.