**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antonio RODRIGUEZ, Defendant–Appellant.**

No. 02–6485.

United States Court of Appeals, Sixth Circuit.

March 10, 2004.

Before MARTIN and CLAY, Circuit Judges; and MILLS, District Judge.*

*ORDER*

Antonio Rodriguez, represented by counsel, appeals his judgment of conviction and sentence. Rodriguez has not requested oral argument, the government has specifically waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Rodriguez was indicted by a federal grand jury for conspiring to distribute methamphetamine and possessing with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. At the time of his arrest, Rodriguez stated that he was twenty-two years old. However, during his initial appearance before a United States Magistrate Judge, Rodriguez stated that his date of birth was January 22, 1985, which would have made him seventeen years old at the time. The government filed a motion for judicial determination of Rodriguez's status so that the court could make a determination as to his age. Following the hearing, the district court determined that Rodriguez was an adult and that he had reached the age of majority at the time of the instant offense. Subsequently, Rodriguez pleaded

guilty. The presentence investigation report ("PSI") concluded that Rodriguez was subject to an enhancement for obstruction of justice because he had lied to the court concerning his date of birth in an effort to be considered as a juvenile. Rodriguez did not present any objections to the PSI, and the district court sentenced him to 265 months of imprisonment, plus five years of supervised release.

Rodriguez has filed a timely appeal, arguing that: 1) the district court erred when it enhanced his offense level for obstruction of justice; and 2) the district court erred when it failed to grant him a reduction for acceptance of responsibility.

The district court did not commit plain error when it enhanced Rodriguez's offense level for obstruction of justice. *See* Fed.R.Crim.P. 52(b); *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir. 1996). Under United States Sentencing Guideline Manual (USSG) § 3C1.1, a sentencing court is obligated to increase the defendant's offense level by two if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." The commentary to that guideline provides that committing, suborning, or attempting to suborn perjury is within the scope of conduct requiring sentence enhancement. *See* USSG § 3C1.1 cmt. n. 3(b); *United States v. Sassanelli*, 118 F.3d 495, 500 (6th Cir. 1997). Moreover, the district court must identify the testimony which it finds to be false and make a finding that encompasses all of the factual predicates for a finding of perjury before the enhancement may be applied. *See Sassanelli*, 118 F.3d at 501;

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

*United States v. Spears,* 49 F.3d 1136, 1143 (6th Cir.1995). We have not insisted on strict adherence to this rule "so long as the record below is sufficiently clear to indicate those statements that the district court considered to be perjurious and that the district court found that those statements satisfied each element of perjury." *Sassanelli,* 118 F.3d at 501.

Here, a review of the record reflects that, during his initial appearance before a magistrate judge, Rodriguez was sworn in, and that he stated that his date of birth was January 22, 1985, which would have made him seventeen years old. During his subsequent detention hearing, Rodriguez again testified that he was born on that date. However, the government presented evidence that Rodriguez's date of birth was actually July 4, 1979. One government witness (Special Agent Crosby Jones) testified that, on the date of his arrest, Rodriguez initially informed the agent that his date of birth was July 4, 1979, but that Rodriguez later indicated that he was born on January 22, 1985. The government also called Cathy Shelby, who was employed by the Whitfield County Sheriff's Office in Dalton, Georgia. Shelby testified that Rodriguez had been arrested in Whitfield County on November 6, 2001, and that he had given his date of birth as July 4, 1979. The district court determined that Rodriguez was an adult, concluding that the government had presented credible evidence that Rodriguez's birthdate was July 4, 1979, and that Rodriguez later changed his birthdate to make himself seventeen because of the benefit he would receive by proceeding as a minor. Moreover, the record establishes that the district court adopted the PSI as part of the record, including the determination that Rodriguez was subject to an enhancement for obstruction of justice based on his untruthfulness about his date of birth. We note that the sole basis for the obstruction enhancement was Rodriguez's falsehoods about his birthdate.

For the reasons stated above, the record is sufficiently clear to indicate the statement that the district court considered to be perjurious and that the statements satisfied each element of perjury. *Id.* Moreover, the record is sufficiently clear to indicate that the statement was material to whether Rodriguez would proceed as a minor or as an adult. Hence, the district court did not plainly err when it enhanced Rodriguez's offense level for obstruction of justice.

The district court did not improperly shift the burden to Rodriguez to prove that he did not obstruct justice. Rather, the record reflects that the government presented credible evidence that his date of birth was July 4, 1979, and that Rodriguez did not present any credible evidence to rebut the government's position. Requiring him to do so in order to avoid an enhancement in this case, does not constitute burden shifting.

We also conclude that the district court did not plainly err when it denied Rodriguez a reduction for acceptance of responsibility. *See* Fed. R. Crim P. 52(b); *Barajas–Nunez,* 91 F.3d at 830. A defendant who has received a § 3C1.1 enhancement for obstruction of justice should not receive a reduction for acceptance of responsibility, absent extraordinary circumstances. *See* USSG § 3E1.1 cmt. n. 4. Rodriguez is not entitled to a reduction for acceptance of responsibility because the district court properly enhanced his offense level for obstruction of justice, and because he has not established that his situation presents an extraordinary case in which a reduction is appropriate despite the imposition of an enhancement for obstruction of justice.

Accordingly, we affirm the judgment of conviction and sentence.