COHN, District Judge.
This is a criminal case. Valerie Lynn Collins (Collins) appeals from her jury conviction for bankruptcy fraud, 18 U.S.C. § 152, on three grounds: (1) letters written by her attorneys were improperly admitted at trial, (2) the district court gave an improper “deliberate ignorance” instruction to the jury, and (3) her counsel was ineffective. The government argues that the conviction was correct because the attorneys’ letters were non-hearsay admissions by a party opponent and the “deliberate ignorance” instruction was adequately supported by the evidence. We affirm.
I. BACKGROUND
Collins’ parents deeded a house in Russell Springs, Kentucky to Collins and her brother, Mark Collins, in 1993. Collins later obtained a loan that was secured by her one-half interest in the house. Collins filed a bankruptcy petition in 1995, which was voluntarily dismissed. She filed another bankruptcy petition in 1996 and did not list her interest in the house or mortgage on the property. At the bankruptcy hearing, Collins testified under oath that she did not own any property.
Between the time of the hearing and the discharge of her debt in 1997, Collins retained attorneys to sell her one-half interest to her brother. Collins’ attorneys sent multiple letters to Mark Collins requesting different amounts of money for her share of the property. Mark Collins then hired his own attorney and filed a lawsuit seeking to sell the disputed property and divide the proceeds. In 1998, the property was sold at auction and the proceeds were distributed equally between Collins and her brother.
Collins was indicted under 18 U.S.C. § 152 for knowingly and fraudulently concealing a property interest from the trustee during the bankruptcy proceeding. At trial, Collins’ defense was that she lacked the criminal intent to defraud the bankruptcy estate. Collins claimed that she did not know that she was the real owner of the property, but rather thought that she was only holding it with her brother until her mother returned from prison. Collins testified that she signed a quitclaim deed in 1995 to give the property back to her parents and gave it to her brother but, unknown to Collins, her brother never signed or recorded the deed. She also said that she never read her bankruptcy petition and the house was mistakenly left off the petition. Collins further testified that the reason why she consulted an attorney in 1997 after the bankruptcy hearing was because she finally learned that her brother had not signed the quitclaim deed. Collins never disputed the documentary evidence submitted by the government, including the letters from her attorneys that were introduced during Mark Collins’ testimony.
Mark Collins testified contrary to Collins’ account. He said that their parents never told him that the house was only deeded to him and his sister temporarily. He also testified that Collins never gave him a quitclaim deed to sign.
The government requested a “deliberate ignorance” jury instruction. Collins initially objected to the instruction but later, after the district court revised the complete set of instructions, said that “[a]s far as the jury instructions, the defense has no objections to the instructions presented by *632 the Court.” The district court then gave the following instruction to the jury:
As a further matter, no one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the Defendant deliberately ignored a high probability that she was required to disclose in her bankruptcy case her half-interest in the house and adjacent lot located at 122 Hemlock Road in Russell Springs, Kentucky, then you may find that she knew she was required to make such a disclosure.
To find this, you must be convinced beyond a reasonable doubt that the Defendant was aware of a high probability that she was required to disclose her interest in the property in her bankruptcy case and that the defendant deliberately closed her eyes to what was obvious. Carelessness, negligence, or foolishness is not the same as knowledge, and is not enough to convict.
The jury found Collins guilty.
II. ANALYSIS
A. Admission of the Letters
The letters from Collins’ attorneys to Mark Collins requesting money in exchange for Coffins’ one-half interest were admitted and read to the jury during Mark Coffins’ testimony. Collins says that the admission of the letters was improper for two reasons: (1) her right to a fair trial was violated because the attorneys who actually wrote the letters were not subject to cross examination, and (2) the letters were not properly authenticated in violation of Fed.R.Evid. 901. Because Collins did not object to the evidence at trial, this issue is reviewed for plain error. See United States v. Barajas-Nunez, 91 F.3d 826, 830 (6th Cir.1996).
First, Coffins says that her Sixth Amendment right to confront a “witness” includes the right to confront not only those witnesses physically present at trial but also those persons whose out of court statements are introduced to prove the truth of the matter asserted in the statements. However, it is clear that the statements made in the letters were admissible non-hearsay admissions of a party opponent as either a “statement by a person authorized by the party to make a statement concerning the subject” or a “statement by the party’s agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.” Fed.R.Evid. 801(d)(2); see Williams v. Union Carbide Corp., 790 F.2d 552, 555 (6th Cir.1986) (“It is the general rule that ‘statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney.’ ”). “[Wjhere proffered hearsay has sufficient guarantees of reliability to come within a firmly rooted exception to the hearsay rule, the Confrontation Clause is satisfied.” White v. Illinois, 502 U.S. 346, 356, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992); United States v. Cope, 312 F.3d 757, 780 (6th Cir.2002). Importantly, Collins admitted at trial that she specifically employed the attorneys to write the letters to Mark Collins so that she could receive compensation for her share of the property, which she would use to help her parents.
Coffins cites Steele v. Taylor, 684 F.2d 1193 (6th Cir.1982), as support. However, the Court in Steele in fact held that “[wjhere neither party is responsible for the unavailability of the witness, a hearsay statement is admissible ... if it bears adequate indicia of reliability, for example, where the evidence falls within a firmly rooted hearsay exception.” Id. at 1200 (citations and quotation marks omitted). The Court declined to find a Sixth Amendment Confrontation Clause violation where *633 the trial court admitted hearsay evidence when the witness’ absence was caused by the defendant; the Court also recognized that the statement at issue had “indicia of reliability in addition to those required for the admissibility of prior inconsistent statements.” Id. at 1204. Consequently, Steele does not support Collins’ position and the district court did not commit plain error in admitting the letters.
Second, the authentication requirement of Fed.R.Evid. 901(a) “is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” Here, the letters were sent by certified mail to Mark Collins, who received them and, on multiple occasions, directed his attorney to respond. Clearly, Mark Collins was a witness with knowledge, Fed.R.Evid. 901(b)(1), who was competent to testify that the letters were what they purported to be — communications from Collins’ attorneys to Mark Collins. Again, Collins admitted at trial that she hired her attorneys specifically to write the letters and the letters themselves state that the author was hired by Collins. Consequently, Collins’ assertion of error based on a lack of authentication is without merit.
B. “Deliberate Ignorance” Instruction
Ordinarily, jury instructions are reviewed “as a whole to determine whether they fairly and adequately submitted the issues and applicable law to the jury,” United States v. Williams, 952 F.2d 1504, 1512 (6th Cir.1991), and are reviewed for abuse of discretion, United States v. Beaty, 245 F.Sd 617, 621 (6th Cir.2001). However, “jwjhere a defendant fails to object to the jury instructions at trial, we review for plain error only.... We consider whether the instructions, when taken as a whole, were so clearly wrong as to produce a grave miscarriage of justice.” United States v. Sanderson, 966 F.2d 184, 187 (6th Cir.1992). Collins initially objected to the “deliberate ignorance” instruction but later agreed with the revised version of instructions that included the “deliberate ignorance” instruction. Hence, the plain error standard of review applies. Regardless of the standard of review, however, Collins’ assertion of error fails as a matter of law.
Collins says that giving the “deliberate ignorance” instruction violated her right to a fair trial. Because the district court’s instruction was modeled on Sixth Circuit Pattern Jury Instruction § 2.09, which accurately reflects the law of the Sixth Circuit, see Beaty, 245 F.3d at 622, Collins does not dispute that the instruction accurately stated the law. Rather, Collins says that the evidence introduced at trial did not adequately support giving an instruction on “deliberate ignorance.” Collins emphasizes her testimony at trial that she relied on an attorney to prepare her bankruptcy papers, she signed the papers without reading them, and she was unaware of her property interest because she thought that her brother signed the quitclaim deed.
However, there was ample evidence at trial to support giving the “deliberate ignorance” instruction. For example, Collins secured a loan based on her interest in the property, failed to state in her papers or at the bankruptcy hearing that she owned property or was holding any property for her parents, and hired attorneys to send multiple letters to her brother requesting compensation for her interest in the property.
Further, even “when a district court gives a deliberate ignorance instruction that does not misstate the law but is unsupported by sufficient evidence, it is, at most, harmless error.” Id. (citing United States v. Mari, 47 F.3d 782, 785 (6th Cir.1995)); see United States v. Monus, 128 *634 F.3d 376, 390-91 (6th Cir.1997) (“[E]ven if there had been insufficient evidence to support a deliberate ignorance instruction, we must assume that the jury followed the jury charge and did not convict on the grounds of deliberate ignorance. Thus, another theory must have formed the basis for the conviction.”).
The district court did not commit reversible error in instructing the jury on “deliberate ignorance.”
C. Ineffective Assistance of Counsel
Collins argues for the first time in her reply brief that her attorney was ineffective at trial because her attorney’s trial strategy was to admit the truth of the government’s documentary evidence and only dispute whether Collins possessed the requisite criminal intent. Collins says that her attorney should have objected to the documents, which she says proved her criminal intent beyond a reasonable doubt. Collins also says that her attorney was ineffective because she called Collins to testify, who offered testimony that was “confused, inconsistent, rambling and non-responsive to questions.”
The general rule, however, is that “a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations.” United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990). Although the Court may review such claims when “the record is adequate to assess the merits of the defendant’s allegations,” id., the record here has not been sufficiently developed to allow for proper evaluation because Collins raised her claim for the first time in a reply brief and did not request oral argument. The proper forum for Collins to raise her ineffective assistance of counsel claim is a post-conviction proceeding under 28 U.S.C. § 2255.[1] The Court declines to address the merits of Collins’ claim.
III. CONCLUSION
The letters from Collins’ attorneys to Mark Collins were properly admitted as non-hearsay admissions of a party opponent, the “deliberate ignorance” instruction was adequately supported by the evidence adduced at trial, and Collins’ ineffective assistance of counsel claim cannot be raised on direct appeal.
Accordingly, Collins’ conviction is AFFIRMED.

. Indeed, Collins filed a motion to vacate her conviction under 28 U.S.C. § 2255 in the district court prior to filing her notice of appeal. The district court denied the motion due to the pendency of this direct appeal. Presumably, she may refile the motion to vacate now that the appeal has been decided.