Paul W. Laymon, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Salvatore C. Adamo, Phillipsburg, NJ, for Defendant–Appellant.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard Lee HARDIN, Defendant–Appellant.**

**No. 01–5034.**

United States Court of Appeals, Sixth Circuit.

Aug. 17, 2004.

### ORDER

Richard Lee Hardin pleaded guilty to conspiring to manufacture methamphetamine, in violation of 21 U.S.C. § 846. On December 18, 2000, he was sentenced as a career offender to 166 months of incarceration and three years of supervised release. It is from this judgment that Hardin now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Hardin primarily argues that the sentencing court should have departed below

the applicable guideline range, as his criminal history category is over-represented in light of the age of his prior convictions. We generally review the sentencing court's legal conclusions *de novo*, while examining its factual findings for clear error. *United States v. Henderson*, 209 F.3d 614, 617 (6th Cir.2000). Moreover, Hardin has forfeited his claims insofar as they were not preserved at his sentencing hearing, unless he shows that they involve plain error that affects his substantial rights. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996).

Hardin was at least eighteen years old when he committed the controlled substance offense in the present case. The presentence report indicated that he had numerous prior convictions, which included a 1978 sentence for robbery that expired in 1987, a 1982 sentence for third-degree escape that expired in 2000, a 1982 sentence for first-degree escape that expired in 2000, a 1984 sentence of three years for felonious jail escape, and a 1993 sentence of one year for felonious jail escape. Thus, the district court found that he was a career offender within the meaning of USSG § 4B1.1. Consequently, the court found that Hardin had a total offense level of twenty-nine and a criminal history category of VI, which yielded a sentencing guideline range of 151 to 188 months.

Nothing in the record indicates that the sentencing judge was unaware of his discretion to depart from the applicable guideline range in appropriate cases. *See generally* USSG § 5K2.0. Indeed, the district court noted that it might reduce Hardin's sentence in the future if he provided substantial assistance to the government in its investigations. The court was plainly disinclined to depart downward, as it rejected the government's request to impose a sentence at the low end of the applicable guideline range. Thus, the sentencing judge's well-informed decision not to depart below that range does not provide a viable issue for appeal. *See Henderson*, 209 F.3d at 617–18.

Hardin now argues that his 1978 robbery conviction and his 1982 escape convictions were "beyond the 15–year limit to be considered" in calculating his criminal history category. This argument lacks merit because the sentences on each of those convictions expired within fifteen years of the date on which his current offense began. *See* USSG § 4A1.2(e)(1). In addition, Hardin would have been properly sentenced even if the three disputed convictions were not counted, because his undisputed prior convictions for escape in 1984 and 1993 provided a sufficient basis for the district court's finding that he was a career offender under § 4B1.1.

Accordingly, the district court's judgment is affirmed.