**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Donald Eugene LUCAS, Defendant–Appellant.**

No. 00–2152.

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

Before KEITH, SILER, and CLAY, Circuit Judges.

In 2000, Donald Eugene Lucas pleaded guilty to conspiring to distribute and to possess methamphetamine for intended distribution, violations of 21 U.S.C. §§ 841(a)(1) and 846. On September 15, 2000, he was sentenced to 121 months of imprisonment and five years of supervised release. It is from this judgment that Lucas now appeals. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The attorney who represented Lucas in the district court has filed a motion to withdraw, with a brief indicating that there are no issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Lucas did not file a timely response, although he was advised that he had a right to do so.

An independent review of the record indicates that Lucas's guilty plea was valid and that the trial judge substantially complied with Fed.R.Crim.P. 11. The district court established that Lucas was competent and that he understood his rights, the nature of the charges, and the consequences of his plea. Lucas acknowledged a factual basis for his plea and clearly indicated that the decision to plead guilty was voluntary. Lucas was represented by counsel, and he has not made any attempt to withdraw his plea. Thus, we conclude that his conviction was valid.

Lucas objected to the presentence report insofar as it indicated that his offense level should be increased under USSG § 2D1.1(b)(1), as he had possessed a dangerous weapon in connection with the offense. The district court considered this objection and found that it was lacking in

merit. Nevertheless, counsel suggests that Lucas may wish to raise the issue on appeal.

An enhancement under § 2D1.1(b)(1) should be applied if a dangerous weapon was present during a drug offense, "unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3) (1998). We review the district court's finding that Lucas had possessed a dangerous weapon in connection with his offense for clear error. *See United States v. Dunlap,* 209 F.3d 472, 476 & n. 8 (6th Cir.2000). The court did not commit clear error here, as Lucas's plea agreement contained a stipulation that he had "possessed a firearm during and in connection with the offense charged."

In addition, the record indicates that Lucas obtained a firearm to give to his drug supplier, and that he possessed it during a drug offense. Indeed, Lucas threw a bag from his car while he was being chased by the police, which contained the firearm, a Taser, and approximately four ounces of methamphetamine. It also appears that Lucas knew that the firearm was intended to be used by his supplier's son to further other drug activi-

ty. These facts are sufficient to trigger a presumption that the firearm was possessed during a drug offense. *See id.* at 477. Moreover, Lucas has not met his burden of showing that it was clearly improbable that the firearm was connected to the offense. *See id.* at 477–79; *United States v. Gibson,* 135 F.3d 1124, 1128 (6th Cir.1998).

Lucas did not did not raise any other legal arguments at sentencing. Therefore, he has forfeited any other claims that he might have regarding his sentence in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No other potential error is apparent from the record.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.