**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas John DEANGELO,**
**Defendant–Appellant.**

No. 00–2322, 00–2352.

United States Court of Appeals,
Sixth Circuit.

Sept. 20, 2001.

Before NELSON and MOORE, Circuit Judges; KATZ, District Judge.*

### ORDER

Thomas John DeAngelo pleaded guilty to mail fraud and bank fraud, violations of 18 U.S.C. §§ 1341 and 1344(1). On October 23, 2000, DeAngelo was sentenced to a total of forty-six months of incarceration and five years of supervised release. His consolidated appeals have been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

DeAngelo is represented by new counsel, who has filed a motion to withdraw with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). DeAngelo has filed a response, in which he moves to strike the *Anders* brief.

DeAngelo primarily argues that the court lacked jurisdiction over his cases. However, the district courts have original jurisdiction over all federal offenses, even if the offenses are not committed on federally owned property. *See United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994). Hence, DeAngelo's argument is unavailing because he waived his right to an indictment and because he was charged by information with committing federal crimes in the Western District of Michigan where the court presides. *See* 18 U.S.C. § 3231; Fed.R.Crim.P. 18.

DeAngelo has asked that the following question be certified to the Supreme Court: "Do federal sentencing guidelines apply to the alleged offenses occurring [*sic*] within the Sovereign State of Michigan, and otherwise without the federal Criminal jurisdiction?" He argues that his prosecution violated the Equal Protection Clause because the federal sentencing guidelines would not have applied if he had been prosecuted in state court. This argument is unpersuasive because DeAngelo has not shown that his federal prosecution was based on a constitutionally impermissible motive, such as his race or religion. Thus, the possibility that he may have received a longer sentence under the federal guidelines does not provide a viable basis for challenging the district court's jurisdiction. *See United States v. Davis,* 15 F.3d 526, 529–30 (6th Cir.1994).

DeAngelo also argues that the district court lacked jurisdiction because the information did not specifically allege that the bank was federally insured. This argument fails because the court allowed the prosecutor to amend the information at rearraignment to show that the bank was insured by the FDIC. DeAngelo argues

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

that the district judge was biased. There is, however, no evidence of bias in the record and amendment of the information was authorized by Fed.R.Crim.P. 7(e). Thus, DeAngelo has not shown that the court lacked jurisdiction over his cases.

An independent examination of the record shows that the district court established that DeAngelo understood his rights, the nature of the charges, and the consequences of his pleas. DeAngelo indicated that the decision to plead guilty was voluntary and acknowledged a factual basis for his pleas. He was represented by counsel and has not attempted to withdraw his guilty pleas. Thus, the record does not reveal an arguable basis for contesting the validity of his pleas.

The presentence report indicated that DeAngelo had a total offense level of 20 and a criminal history category of II, which yielded a sentencing guideline range of 37–46 months of incarceration. DeAngelo did not file any objections to this report, and he did not raise any significant legal arguments at sentencing. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent from the present record.

Accordingly, counsel's motion to withdraw is granted, all other pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.