**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas John DEANGELO,**
**Defendant–Appellant.**

**Nos. 02–1098, 02–1099.**

United States Court of Appeals,
Sixth Circuit.

Dec. 19, 2002.

Before KENNEDY and GILMAN, Circuit Judges; and SARGUS, District

Judge.*

## ORDER

Thomas John DeAngelo appeals a district court order denying his motion for appropriate relief, motion for judicial notice, and petition to correct the record filed pursuant to Fed. R.App. P. 10(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

DeAngelo pleaded guilty to mail fraud and bank fraud in violation of 18 U.S.C. §§ 1341 and 1344(1). The district court sentenced DeAngelo to forty-six months of imprisonment and five years of supervised release. On direct appeal, DeAngelo's attorney filed a motion to withdraw with a brief indicating that there were no colorable issues to appeal pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This court granted counsel's motion to withdraw and affirmed the district court's judgment. *United States v. DeAngelo*, 27 Fed.Appx. 329 (6th Cir.2001) (order).

DeAngelo filed a petition for rehearing en banc. While his petition was pending, DeAngelo moved the district court for appropriate relief and judicial notice and petitioned the court to correct the record. The district court determined that DeAngelo was not asking the court to correct the record; rather, in the guise of asking the court to correct the record, DeAngelo was attempting to raise numerous legal issues related to the validity of his underlying convictions. Accordingly, the district court denied DeAngelo's motions and petition. DeAngelo appeals that judgment.

On appeal, DeAngelo appears to reassert issues related to the validity of his underlying convictions.

Any issue relating to the propriety of the record is moot. This court affirmed the district court's judgment, denied DeAngelo's petition for rehearing en banc on December 21, 2001, and mandate issued on January 2, 2002. Thus, any issue presented regarding the record is no longer "live," rather it has been made moot by an intervening event. *See United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980).

Since there is no case or controversy presented, this appeal is hereby dismissed as moot pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. All outstanding motions are hereby denied.