**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vernard Lamont BROWN,**
**Defendant–Appellant.**

No. 01–5284.

United States Court of Appeals,
Sixth Circuit.

Oct. 25, 2001.

Before MERRITT and DAUGHTREY, Circuit Judges; WELLS, District Judge.*

*ORDER*

Vernard Lamont Brown, a federal prisoner, appeals his conviction and sentence for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). This case has been referred to a panel of

---

* The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 1, 2000, a grand jury charged Brown in a superseding indictment with one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e), from December 1993 through July 1995. Brown pleaded guilty, pursuant to a written plea agreement, to violating § 922(g)(1), in exchange for the government's promise to recommend a sentence of 96 months in prison and to change the time period covered by the indictment so that it ended in April 1995. One of Brown's previous convictions thus would be excluded and Brown would become ineligible for prosecution under § 924(e). Following the plea hearing, Brown filed an objection to the presentence investigation report (PSR), arguing that two criminal history points had been improperly assessed. On January 8, 2001, the district court sustained Brown's objection, and sentenced Brown as contemplated by the plea agreement to 96 months in prison, 3 years of supervised release, and a $100 special assessment. The term of imprisonment fell within the guidelines range of 77 to 96 months, based on a criminal history category of VI and a total offense level of 21.

Brown's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issues of whether Brown's plea was knowing and voluntary and whether Brown was properly sentenced. Brown has filed a response, essentially asserting that: 1) the government should have prosecuted him in a timely manner so that his federal term of imprisonment could have been served concurrently to a state sentence, as required by USSG § 5G1.3(b); and 2) a state murder charge of which he was acquitted was improperly included as relevant conduct in the PSR.

Upon review, we grant counsel's motion to withdraw because counsel has filed an acceptable *Anders* brief that raises the only issues determined to be arguable.

The issues raised by counsel lack merit. A review of the guilty plea transcript reveals that the district court complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988). The court first inquired whether Brown had discussed the matter with counsel. The court then advised Brown of his constitutional rights, elicited that Brown had possessed a gun and had prior convictions, and informed Brown that he was facing a statutory term of imprisonment ranging from 0 to 10 years. The court concluded by finding that Brown was competent and that the plea was voluntary. There was no error in this regard.

Brown was properly sentenced. A defendant may only appeal his sentence on the grounds that: 1) it was imposed in violation of law; 2) it was imposed as a result of an incorrect application of the Sentencing Guidelines; 3) it represented an upward departure from the applicable guideline range; or 4) it is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 2742(a); *United States v. Lively,* 20 F.3d 193, 196–97 (6th Cir.1994). Brown's sentence falls within none of these categories. The transcript of the sentencing hearing reflects that Brown and his counsel were present and were given ample opportunity to comment on the PSR

and that Brown was sentenced as contemplated by the plea agreement.

Brown's pro se claims lack merit as well. His challenge to the government's delay in prosecuting him is not cognizable because it is a challenge to events occurring before his guilty plea. The validity of his guilty plea means that Brown has waived any antecedent non-jurisdictional defects in his conviction. *See Tollett v. Henderson*, 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

Brown did not raise his argument concerning the murder charge at sentencing. Therefore, he has forfeited his right to raise the alleged sentencing error on appeal, and this court will review the sentence only for plain error. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). No error occurred as review of the PSR shows that the probation officer specifically excluded the murder charge in determining Brown's offense level.

We have reviewed the record for other possible issues which would merit review and have found none.

Accordingly, we grant counsel's motion to withdraw, and we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.