**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Frank Clement MASSENGILL,**
**Defendant–Appellant.**

**No. 01–5225.**

United States Court of Appeals,
Sixth Circuit.

Oct. 31, 2001.

cocaine base with the intent to distribute it, a violation of 21 U.S.C. § 841(a)(1). He was sentenced to 170 months of imprisonment to be followed by four years of supervised release.

In this timely appeal, Massengill's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Massengill was served with the brief and the motion, but he has filed no response.

We will grant the motion to withdraw as counsel has reviewed the entire record and proceedings and has submitted the following issue for review: whether the district court committed clear error in making credibility assessments that resulted in the denial of Massengill's motion to suppress evidence. Counsel asserts this issue, but recognizes that it lacks merit.

Initially, we note that the record reflects that the district court properly accepted Massengill's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady,* 397 U.S. at 755, 90 S.Ct. 1463. The court explained to Massengill the rights he was waiving, the statutory maximum sentences involved, and the application of the Sentencing Guidelines. Fed.R.Crim.P. 11(c)(1), (c)(3). Massengill acknowledged the veracity of the factual basis for his plea.

Before MERRITT and DAUGHTREY, Circuit Judges; WELLS, District Judge.*

### ORDER

Frank Clement Massengill appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Massengill pleaded guilty to charges of possession of a firearm during and in relation to a drug-trafficking crime, a violation of 18 U.S.C. § 924(c), and possession of

---

* The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

■ The district court also properly denied Massengill's motion to suppress evidence. We review for clear error a district court's factual findings in ruling on a motion to suppress, and we review de novo any legal conclusions. *United States v. Wellman,* 185 F.3d 651, 654 (6th Cir.1999). When reviewing a denial of a motion to suppress evidence, we "must consider the evidence in the light most favorable to the government." *Id.* at 655. Any credibility assessments made by the district court carry "considerable weight" as " '[f]indings of fact anchored in credibility assessment are generally not subject to reversal upon appellate review.' " *United States v. Ivy,* 165 F.3d 397, 401 (6th Cir.1998) (quoting *United States v. Taylor,* 956 F.2d 572, 576 (6th Cir.1992)). Indeed, "where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 401–02 (quotation omitted); *see also United States v. McNeal,* 955 F.2d 1067, 1071 (6th Cir.1992) (stating that findings "expressly anchored in credibility evaluations of witnesses who testified during the suppression hearing ... [are] beyond appellate review.").

As conceded by defense counsel, the police officers and defense witnesses presented diametrically opposed accounts of the events that occurred in the wee morning hours of June 25, 2000, outside of Drake's Place in Jackson, Tennessee. The district court credited the testimony of the arresting officer. A review of the suppression hearing reveals no basis for reversal.

■ Because Massengill raised no objections to the presentence investigation report, no challenge to the factual findings for sentencing was properly preserved for review. *See United States v. Ward,* 190 F.3d 483, 492 (6th Cir.1999) (failure of defendant to object to factual findings of presentence report waives any future objections). Neither did Massengill raise any legal challenges regarding his sentence; thus, he forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No other potential error is apparent from the record. In this regard, Massengill's sentence was authorized by statute, was consistent with the plea agreement, and fell well within the applicable guideline range.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.