**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Benjamin D. WOODS, Defendant–**
**Appellant.**

No. 01–3910.

United States Court of Appeals,
Sixth Circuit.

July 29, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

## ORDER

Benjamin D. Woods pleaded guilty to two counts of violating the Hobbs Act and to using a firearm during a crime of violence. *See* 18 U.S.C. §§ 924(c)(1)(A) *and* 1951(a). On August 15, 2001, he was sentenced to a total of 144 months of imprisonment and five years of supervised release. Woods's appeal from that judgment has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The attorney who represented Woods in the district court has filed a motion to withdraw, with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Woods did not file a timely response to counsel's motion. Moreover, an independent examination of the record reveals no issue that would support a viable direct appeal.

The rearraignment transcript indicates that Woods's guilty plea was valid and that the district court substantially complied with the requirements of Fed.R.Crim.P. 11. The court determined that Woods understood his rights, the nature of the charges, and the consequences of his plea. Woods acknowledged a sufficient factual basis for his guilty plea and indicated that his plea was voluntary. He was represented by counsel and has not made any attempt to withdraw his plea. Under these circumstances, we conclude that Woods's guilty plea was constitutionally valid.

The presentence report indicated that Woods had an offense level of 24 and a criminal history category of IV, which yielded a total sentencing guideline range of 161–180 months of incarceration. The district court granted Woods's primary objection to the report and reduced his criminal history category to III, which re-sulted in a total guideline range of 147–162 months. Woods did not raise any other significant legal arguments at sentencing. Thus, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir. 1996).

No other potential error is apparent from the present record. The district court determined that Woods had reviewed the presentence report with his attorney, and the information in that report supports a higher guideline range than the court ultimately applied. The court also reduced Woods's total offense level by one point under USSG § 5K1.1, and reduced the statutorily mandated sentence for his firearm offense by eleven months under 18 U.S.C. § 3553(e). Thus, the district court ultimately imposed a total sentence of 144 months, which fell several months below the otherwise applicable guideline range.

Woods's sentence was authorized by statute, and there was no apparent violation of the holding in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). No fines were imposed, and his term of supervised release was also authorized by statute and the applicable guidelines. Hence, it appears that any direct challenge to Woods's sentence would be unavailing.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.