**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert H. POIRIER, Defendant– Appellant.**

**No. 02–1141.**

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2002.

Before BOGGS, SILER, and GIBBONS, Circuit Judges.

### ORDER

In 2001, Robert H. Poirier pleaded guilty to making a threatening interstate communication, a violation of 18 U.S.C. § 875(c). On January 17, 2002, Poirier was sentenced to thirty months of imprisonment and three years of supervised release. It is from this judgment that he now appeals. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Poirier's attorney has filed a motion to withdraw with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that Poirier may wish to argue that he was entitled to withdraw his guilty plea, that he should have been sentenced below the applicable guideline range, and that he was denied the effective assistance of counsel. However, an independent "examination of all the proceedings" reveals no issue that would support an appeal in this case. *Id.*

Poirier and his former attorney both signed a plea agreement, which included the following stipulation regarding the factual basis for his guilty plea:

[T]he defendant, ROBERT POIRIER, transmitted electronic e-mail messages via computer from the State of Minnesota to the world headquarters of Flint Ink Corporation, which is located in Ann Arbor Michigan. The e-mail messages contained threats to kill Flint Ink employees. Following his first e-mail communication on October 28, 2000, the defendant was contacted by Deputy Sheriff Richard Boham. The defendant advised Sheriff Boham in substance that if his demands were not met, he would carry out his plan as stated in his e-mail. The defendant sent two subsequent threatening e-mails to Flint Ink on November 1, 2000.

The rearraignment transcript indicates that Poirier's plea was constitutionally valid and that the trial judge substantially complied with the requirements of Fed. R.Crim.P. 11. The district court determined that Poirier was competent, and it established that he understood his rights, the nature of the charges, and the consequences of his plea. Poirier indicated that the decision to plead guilty was voluntary, and he acknowledged a sufficient factual basis for his plea. Under these circumstances, we conclude that his guilty plea was valid.

█ Counsel suggests that Poirier may wish to argue that the district court should have granted a pro se letter-motion to withdraw his guilty plea. We review the court's denial of this motion for an abuse of discretion. *See United States v. Pluta,* 144 F.3d 968, 973 (6th Cir.1998). Poirier had the burden of proving that there was a fair and just reason that would support the

withdrawal of his plea. *See id.* However, he waited approximately two months before submitting his motion to withdraw and he has not presented a convincing justification for this delay. Moreover, Poirier clearly admitted his guilt at rearraignment and he gained a significant advantage by pleading guilty, as his plea bargain resulted in the dismissal of several charges and a reduction in his offense level. Poirier was familiar with the criminal justice system, and there is no indication that the withdrawal of his plea would not have prejudiced the government. In light of these facts, we find that the district court did not abuse its discretion by denying his motion to withdraw. *See id.* at 973–74; *United States v. Bashara,* 27 F.3d 1174, 1181 (6th Cir.1994).

Counsel also asserts that Poirier may wish to argue that the district court should have departed downward from the applicable guideline range. There is, however, no indication that the court was unaware of its discretion to depart downward in appropriate cases. Thus, the court's informed decision not to exercise that discretion in the instant case is simply not reviewable on appeal. *See United States v. Henderson,* 209 F.3d 614, 618 (6th Cir.2000).

Moreover, the plea agreement included the following limitations on Poirier's right to appeal:

> 5. *Defendant's waiver of appeal rights.* Defendant agrees not to appeal or otherwise challenge in any proceeding the constitutionality or legality of any part of the sentencing guidelines. Defendant agrees not to appeal or otherwise challenge in any proceeding the accuracy of any factor stipulated to in this agreement or the attached worksheets.

The thirty-month sentence that Poirier received was wholly consistent with this agreement, as the cited worksheets indicated that he was subject to a guideline range of 24–30 months. Thus, he has expressly waived his right to appeal the district court's calculation of the applicable guideline range. *See United States v. Allison,* 59 F.3d 43, 46–47 (6th Cir.1995).

The presentence report was consistent with the agreement in this regard. Poirier did not file any objections to the report or raise any other significant legal arguments at sentencing. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas-Nunez,* 91 F.3d 826, 830 (6th Cir. 1996).

No potential error is apparent from the present record. The thirty-month sentence that Poirier received fell within the applicable guideline range. This sentence also fell well below the five-year statutory maximum that applies under 18 U.S.C. § 875(c). Thus, Poirier does not have a cognizable claim under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). No fines were imposed, and a three-year term of supervised release was authorized by 18 U.S.C. § 3583(b) and USSG § 5D1.2. Hence, any direct challenge to Poirier's sentence would be unavailing.

Finally, counsel notes that Poirier may wish to argue that he was denied the effective assistance of counsel because his former attorney should have taken his case to trial. However, Poirier stated at rearraignment that he was satisfied with his prior attorney, and the present record does not indicate that trial counsel's performance was deficient in a constitutional sense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, any ineffective assistance claim that Poirier might have would properly be raised in a motion to vacate his sentence under 28 U.S.C.

§ 2255, rather than on direct appeal. *See Allison*, 59 F.3d at 47.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.