**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Steven Allen GILBREATH,**
**Defendant–Appellant.**

**No. 02–1692.**

United States Court of Appeals,
Sixth Circuit.

Jan. 27, 2003.

Before GUY and MOORE, Circuit Judges; and BECKWITH, District Judge.*

### ORDER

This is an appeal from a criminal judgment and commitment in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Steven Gilbreath was indicted for having possessed a stolen gun after having been convicted of at least one felony. Gilbreath entered into an agreement to plead to one count of the indictment in exchange for the dismissal of the remaining count. The district court subsequently found Gilbreath guilty of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and sentenced him to a forty-one month term of imprisonment and a three year period of supervised release. This appeal followed. Counsel for Gilbreath filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Gilbreath was served with this motion and a copy of the brief and was invited to respond, *see Freels v. Hills*, 843 F.2d 958, 961 & n. 3 (6th Cir. 1988), but he has chosen not to do so.

On June 11, 2001, Gilbreath was performing yard work for a homeowner in East Grand Rapids, Michigan. Gilbreath apparently thought the homeowner was not going to pay for the yard work, so Gilbreath broke into the home and stole a shotgun that had been manufactured in Ithaca, New York. Gilbreath was questioned and arrested later that day and confessed to the theft and simultaneous possession of the shotgun. Gilbreath was charged by the federal grand jury with a theft and a felon / possession count. Gil-

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

breath received appointed counsel and promptly entered into a plea agreement. Gilbreath agreed to plead guilty to the felon / firearm count and the prosecution agreed to recommend the dismissal of the theft charge as well as a sentence reduction in recognition of Gilbreath's acceptance of responsibility.

The parties met with the district court for the Criminal Rule 11 plea colloquy. The district court initially engaged Gilbreath in an extensive dialogue in an effort to ascertain Gilbreath's mental abilities in general and his particular capacity to understand the part that the plea colloquy played in the criminal proceedings against him. The court was satisfied that Gilbreath had the present capacity to offer the plea and the court proceeded to explain to Gilbreath the constitutional rights to which he was entitled but which he would be forfeiting by his plea. The court accurately outlined for Gilbreath the penalties to which he would be exposed and the court established that the charge was supported by a factual basis. In conclusion, the court accepted the plea, found Gilbreath guilty of the felon / firearm count, and deferred sentencing pending completion of a pre-sentence report.

The parties met following the completion of the pre-sentence report. Gilbreath had no objection to the findings or recommendations contained in the report. The report recommended a base offense level of thirteen and a criminal history category of VI, with an attendant guideline range of thirty-three to forty-one months incarceration, in recognition of Gilbreath's admitted lengthy history of crimes against property. The district court accepted the report and entertained comments from both counsel and Gilbreath. The court concluded that Gilbreath's criminal history reflected an individual who was in need of a sentence at the top end of the guideline range. Accordingly, the court sentenced Gilbreath to the top of the forty-one month range, added a three year period of supervised release, but decided not to impose a fine as Gilbreath plainly lacked the financial ability to satisfy such an order. On appeal, counsel for Gilbreath suggests that the district court may not have complied with Criminal Rule 11 in accepting the plea and that there may be a sentence irregularity.

Criminal Rule 11 sets forth the proper procedure to be followed by a district court in accepting a guilty plea. The purpose of Rule 11 is to ensure that a defendant understands the nature of the constitutional rights to which he is entitled, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of the plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988). An examination of the plea transcript shows that the district court conducted a thorough Rule 11 colloquy with Gilbreath. The court spent an inordinate amount of time in an effort to satisfy itself that Gilbreath was able to comprehend the nature of the proceedings and that he was offering the plea freely and because he believed it was in his own best interest. This satisfies Rule 11(d). *See Godinez v. Moran,* 509 U.S. 389, 401 n. 12, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). The court faithfully adhered to Rule 11(c) in reciting for Gilbreath the litany of rights he was forfeiting by offering his plea and the court accurately noted the maximum prison exposure Gilbreath would face if found guilty. There was no error in the Rule 11 proceedings.

There was likewise no reversible error in the sentencing procedure. Neither Gilbreath nor his counsel offered any objections to the findings and recommendations contained in the pre-sentence report. The lack of contemporaneous objections means that Gilbreath cannot now challenge any of

the factual findings in the report. *United States v. Ward,* 190 F.3d 483, 492 (6th Cir.1999). The absence of any other objections to any aspect of the sentencing procedure means that Gilbreath has forfeited any other sentencing claims that he might have raised, except for those that amount to plain error. *United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir. 1996). There is no error apparent in the calculations supporting the guideline range and the range itself was accurately drawn from Gilbreath's base offense level and criminal history score. Gilbreath's punishment was authorized by statute and was within the applicable guideline range. This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.