**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Greg B. STEELE, Defendant– Appellant.**

**No. 02–5331.**

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and ECONOMUS,

District Judge.*

### ORDER

Greg B. Steele appeals the sentence that he received after pleading guilty to being a felon in possession of a firearm and to possessing methamphetamine for intended distribution. *See* 18 U.S.C. § 922(g) *and* 21 U.S.C. § 841(a)(1). On February 25, 2002, Steele was sentenced to sixty-four months of imprisonment and six years of supervised release. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Steele's attorney has filed a motion to withdraw with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Moreover, our independent review of the record reveals no issue that would support a direct appeal in this case.

The record indicates that Steele's guilty plea was valid and that the trial judge substantially complied with Fed.R.Crim.P. 11. The court established that Steele understood his rights, the nature of the charges, and the consequences of his guilty plea. Steele indicated that the decision to plead guilty was voluntary, and he acknowledged a sufficient factual basis for his plea. He was represented by counsel, and he has not made any attempt to withdraw his plea. Under these circumstances, we conclude that Steele's guilty plea was constitutionally valid.

The district court added two points to Steele's criminal history category under USSG § 4A1.1(d), because he committed his current offenses while he was under probation. Steele had been sentenced to three years of imprisonment for a prior state drug charge and that sentence had been suspended because he was placed on probation. This conviction was ultimately affirmed, but it is undisputed that he committed his current federal offense while his state conviction was under appeal. Thus, counsel now suggests that Steele may wish to argue that § 4A1.1(d) was not applicable because he was free on appeal bond when he committed his current offenses.

This argument is refuted by the plain language of § 4A1.2(*l*), which provides in pertinent part as follows:

> Prior sentences under appeal are counted except as expressly provided below. In the case of a prior sentence, the execution of which has been stayed pending appeal, § 4A1.1(a), (b), (c), (d), and (f) shall apply as if execution of such sentence had not been stayed; § 4A1.1(e) shall not apply.

USSG § 4A1.2(*l*) (2001). Therefore, the district court properly added two points to Steele's criminal history category under USSG § 4A1.1(d).

Steele did not file any other objections to the presentence report or maintain any other significant legal arguments at sentencing. Thus, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir. 1996). No other potential error is apparent here. The information in the presentence report supports the 57 to 71 month sentencing range that the court applied. Steele's sentence fell in the middle of that range and well below the thirty-year statu-

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio sitting by designation.

tory maximum that applies under 21 U.S.C. § 841(b)(1)(C). No fines were imposed, and Steele's term of supervised release was authorized by 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 3583(b).

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.