**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan ESPINAL, also known as Martin Anderson, also known as Juan Taveres, Defendant–Appellant.**

No. 01–4321.

United States Court of Appeals,
Sixth Circuit.

March 27, 2003.

Before CLAY and ROGERS, Circuit

Judges; and COFFMAN, District Judge.[*]

### ORDER

Juan Espinal pleaded guilty to possessing heroin for intended distribution, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On November 29, 2001, he was sentenced to thirty-seven months of imprisonment and three years of supervised release. It is from this judgment that Espinal now appeals. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Espinal's attorney has filed a motion to withdraw with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Moreover, an independent examination of the record reveals no issue that would support a direct appeal. *Id.*

The rearraignment transcript indicates that Espinal was competent to enter his plea. The district court also established that he understood his rights, the nature of the charges, and the consequences of pleading guilty. Espinal indicated that the decision to plead guilty was voluntary, and he acknowledged a sufficient factual basis for his plea. He was represented by counsel, and he has not made any attempt to withdraw his guilty plea. Under these circumstances, we conclude that Espinal's plea was valid and that the trial judge substantially complied with Fed.R.Crim.P. 11.

■ Espinal did not file any objections to the presentence report, and he did not raise any significant legal arguments at sentencing. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir. 1996).

■ Counsel now suggests that Espinal may wish to argue that the district court should have departed downward from the applicable sentencing guideline range. However, there is no indication that the trial judge was unaware of his discretion to depart downward in appropriate cases, and his informed decision not to exercise that discretion here is not reviewable on appeal. *See United States v. Henderson,* 209 F.3d 614, 618 (6th Cir.2000).

No other potential error is apparent from the present record. The district court determined that Espinal had reviewed the presentence report with his attorney, and the information in that report supports the 37 to 46 month sentencing range that the court applied. The thirty-seven month sentence that Espinal received fell at the very bottom of that range and well below the twenty-year statutory maximum that is prescribed by 21 U.S.C. § 841(b)(1)(C). No fines were imposed, and a three-year term of supervised release was authorized by 18 U.S.C. § 3583(b).

■ Counsel also suggests that Espinal may wish to argue that he was denied the effective assistance of counsel because his former attorney did not move for a downward departure from the applicable guideline range. However, Espinal stated at his rearraignment that he was satisfied with his attorney, and the present record does not indicate that counsel's performance

---

[*] The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

was deficient in a constitutional sense. Hence, any ineffective assistance claim that Espinal might have would properly be raised in a motion to vacate his sentence under 28 U.S.C. § 2255, rather than on direct appeal. *See United States v. Allison,* 59 F.3d 43, 47 (6th Cir.1995).

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.