**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arturo Arellano CAMPOS,
Defendant–Appellant.**

**No. 03–5337.**

United States Court of Appeals,
Sixth Circuit.

Oct. 23, 2003.

Before MARTIN and SUTTON, Circuit Judges; and MILLS, District Judge.*

## ORDER

Arturo Arellano Campos pleaded guilty to conspiring to distribute methamphetamine, possessing a firearm in furtherance of a drug offense, and being an illegal alien in possession of a firearm. *See* 18 U.S.C. § 922(g) *and* 924(c); 21 U.S.C. § 846. On February 24, 2003, Campos was sentenced to 180 months of imprisonment and four years of supervised release. His appeal has been referred to a panel of this court under Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Campos's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Campos did not file a timely response to this motion, and an independent examination of the record reveals no issue that would support a viable direct appeal. *See id.*

Campos petitioned the district court to accept his guilty plea to the charges that are described above. In exchange, the government agreed to a reduction in his offense level for acceptance of responsibility and to the dismissal of several other charges. The plea agreement also included the following waiver regarding Campos's right to appeal:

> [T]he defendant knowingly waives the right to appeal any sentence within the maximum provided in the offense level as determined by the court or the manner in which that sentence was determined.... Such waiver does not apply, however, to claims of prosecutorial misconduct, ineffective assistance of counsel, or if the Court departs upward.
>
> . . . .
>
> The defendant also knowingly waives the right to challenge the sentence imposed and the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel or prosecutorial misconduct.

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

The present record does not indicate that counsel's performance was constitutionally deficient or that Campos was subjected to prosecutorial misconduct. Thus, any claims that he might have in that regard would properly be raised in a motion to vacate his sentence under § 2255, rather than on direct appeal. *See United States v. Allison,* 59 F.3d 43, 47 (6th Cir. 1995). Moreover, the district court did not depart from the applicable guideline range. Thus, Campos has effectively waived his right to pursue a direct appeal by entering a valid guilty plea. *See id.* at 46.

The record shows that Campos's plea was valid and that the district court substantially complied with Fed.R.Crim.P. 11. The court determined that Campos was competent. It also established that he understood his rights, the nature of the charges, and the consequences of his plea. Campos indicated that the decision to plead guilty was voluntary, and he acknowledged a sufficient factual basis for his plea. Furthermore, he has not made any attempt to withdraw his plea. Under these circumstances, we conclude that Campos's guilty plea was valid.

As indicated above, the sentencing court did not depart from the applicable guideline range, and Campos expressly waived any other sentencing claims that he may have had when he entered his guilty plea. *See id.* We note, nonetheless, that he did not object to the presentence report or raise any significant legal arguments at sentencing. Thus, Campos also forfeited any sentencing claims that he might have had in the absence of plain error that affects his substantial rights. *See United States v. Barajas-Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent here.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.