**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio D. PATRICK, Defendant–**
**Appellant.**

No. 02–6425.

United States Court of Appeals,
Sixth Circuit.

Nov. 28, 2003.

Thomas A. Colthurst, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Antonio D. Patrick, pro se, April R. Goode, Asst. F.P. Defender, Office of the Federal Public Defender, Memphis, TN, for Defendant–Appellant.

Before KENNEDY, MARTIN, and MOORE, Circuit Judges.

*ORDER*

Antonio DeWayne Patrick pled guilty to possessing cocaine and cocaine base for intended distribution. *See* 21 U.S.C. § 841(a)(1). On October 11, 2002, he was sentenced to 262 months of imprisonment and five years of supervised release. Patrick's appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Patrick's attorney has filed a motion to withdraw, with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that Patrick may wish to argue that he should have been sentenced below the applicable guideline range. In response, Patrick asserts that he has been denied the effective assistance of counsel and requests the appointment of new counsel on appeal.

An independent examination of the record indicates that Patrick was competent to enter his plea. The district court also established that he understood his rights, the nature of the charges, and the consequences of his plea. Patrick indicated that the decision to plead guilty was voluntary, and he acknowledged a sufficient factual basis for his plea. He was represented by counsel, and he has not made any attempt to withdraw his plea. Thus, we conclude that there are no viable grounds for contesting Patrick's guilty plea on direct appeal.

Patrick had argued that he should be sentenced below the applicable guideline range, alleging that he had been subjected to sentencing entrapment and that his criminal history category over-represented the seriousness of his past conduct. However, the record plainly shows that the sentencing judge was aware of her discretion to depart downward from the applicable range in appropriate cases. Therefore, her well-informed decision not to exercise that discretion in Patrick's case is not reviewable on appeal. *See United States v. Henderson,* 209 F.3d 614, 618 (6th Cir. 2000); *United States v. Watkins,* 179 F.3d 489, 503 (6th Cir.1999).

Patrick did not raise any other significant legal arguments at sentencing. Thus, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent here. The district court determined that Patrick had reviewed the presentence report with his attorney, and the information in that report supports the court's determination of his guideline range. The 262–month sentence that Patrick received fell at the bottom of that range, and it was authorized by 21 U.S.C. § 841(b)(1)(A)(iii). Therefore, any direct challenge to his sentence would be unavailing.

Patrick now argues that he was denied the effective assistance of counsel on appeal because he has not had sufficient contact with his attorney and has not received copies of certain parts of the record. The present record does not provide an adequate basis for reviewing these allegations. Therefore, any Sixth Amendment claim that Patrick might have would properly be raised in a motion to vacate his sentence under 28 U.S.C. § 2255, rather than on direct appeal. *See United States v. Allison,* 59 F.3d 43, 47 (6th Cir.1995).

Accordingly, counsel's motion to withdraw is granted, Patrick's motion for the appointment of new counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.