**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio EDWARDS, Defendant–**
**Appellant.**

No. 03–5424.

United States Court of Appeals,
Sixth Circuit.

Dec. 8, 2003.

Gregg L. Sullivan, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Antonio Edwards, Federal Correctional Institution, Memphis, TN, for Defendant–Appellant.

Before: NORRIS and GILMAN, Circuit Judges; BANNING, District Judge.*

## ORDER

Antonio Edwards pleaded guilty to conspiring to distribute cocaine and cocaine base. *See* 21 U.S.C. §§ 841(b)(1)(A) *and* 846. He was initially sentenced to 151 months of imprisonment and five years of supervised release. His appeal was dismissed for lack of prosecution, but the district court subsequently vacated his sentence so that he could pursue a direct appeal. *See* 28 U.S.C. § 2255. On February 21, 2003, the court resentenced Edwards to the same sentence that it had originally imposed. His current appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

---

* The Honorable David L. Banning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

A new attorney was appointed to represent Edwards, who has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Edwards did not file a timely response to this motion, and an independent examination of the record reveals no issue that would support a viable direct appeal. *See id.*

■ Edwards reserved the right to appeal the denial of a suppression motion, in which he sought to exclude evidence that had been seized at an auto body shop. He alleged that he had been living on the porch of the shop and argued that the search warrant was not based on probable cause and was not specific as to the place to be searched. The district court's denial of this motion was not clearly erroneous, as there was probable cause to support the warrant. *See United States v. Ervin*, No. 01–5920, 2003 WL 343268, at *4 (6th Cir. Feb.12, 2003) (unpublished), *cert. denied*, —— U.S. ——, 124 S.Ct. 87, 157 L.Ed.2d 63 (2003) (No. 02–10695). Moreover, the affiant reasonably believed that the porch area was used for business and the failure to describe that area separately in the warrant was cured by the affiant's knowledge that a drug transaction had occurred there. *See United States v. Brown*, 49 F.3d 1162, 1169 (6th Cir.1995); *United States v. Noel*, 938 F.2d 685, 687 (6th Cir.1991).

■ The rearraignment transcript indicates that Edwards was competent to enter his plea. The district court also established that he understood his rights, the nature of the charges, and the consequences of pleading guilty. Edwards indicated that the decision to plead guilty was voluntary, and he acknowledged a sufficient factual basis for his plea. He was represented by counsel, and he has not made any attempt to withdraw his plea.

Under these circumstances, we conclude that there is no viable basis for challenging his plea on direct appeal.

■ The presentence report indicated that Edwards had a total offense level of 31 and a criminal history category of IV, which yielded a sentencing guideline range of 151 to 188 months of incarceration. At his final sentencing, Edwards argued that he was entitled to a reduction in his offense level for acceptance of responsibility. However, the district court's refusal to apply this reduction was not clearly erroneous, as the court had rejected Edwards's challenge to the factual basis of his relevant conduct. *See* USSG § 3E1.1, comment. (n.1(a)) (2000); *United States v. Chavis*, 296 F.3d 450, 465–66 (6th Cir. 2002).

Edwards did not raise any other significant legal arguments at sentencing. Thus, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). No other potential error is apparent from the present record.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.