**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William D. SUMMITT, Defendant–Appellant.**

**No. 03–5223.**

United States Court of Appeals,
Sixth Circuit.

March 16, 2004.

Gary Humble, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Anthony Martinez, Asst. F.P. Defender, Federal Defender Services of Eastern Tennessee, Inc., Chattanooga, TN, for Defendant–Appellant.

William D. Summitt, Federal Medical Center, Lexington, KY, pro se.

Before ROGERS and COOK, Circuit Judges; and SCHWARZER, District Judge.*

*ORDER*

William D. Summitt pled guilty to receiving interstate transmissions of child pornography in violation of 18 U.S.C. § 2252(a)(2). On January 24, 2003, he was sentenced to forty-six months of incarceration and three years of supervised release. Summitt's appeal from that judgment has

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Summitt's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that Summitt may wish to argue that he should have been sentenced at the bottom of the applicable guideline range. Summitt has not filed a timely response to this motion, and an independent review of the record reveals no issue that would support a viable direct appeal.

The rearraignment transcript indicates that Summitt's guilty plea was valid and that the district court substantially complied with Fed.R.Crim.P. 11. The court determined that Summitt was competent to enter his plea. It also established that he understood his rights, the nature of the charges, and the consequences of pleading guilty. Summitt acknowledged a sufficient factual basis for his plea, and there is no indication that his decision to plead guilty was involuntary. He was represented by counsel, and he has not made any attempt to withdraw his plea. Hence, we conclude that there are no plausible grounds for challenging his convictions on direct appeal.

The presentence report indicated that Summitt had a total offense level of twenty-two and a criminal history category of I, which resulted in a sentencing guideline range of forty-one to fifty-one months of imprisonment. Summitt did not raise any objections to the report that may have impacted the calculation of his guideline range, and he did not raise any significant legal arguments at his sentencing hearing.

Thus, he has forfeited any sentencing claims that he might have had in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent from the record here.

Counsel suggests that Summitt may wish to argue that he should have been sentenced at the bottom, rather than the midpoint, of the applicable guideline range. In the absence of a specific legal error, however, Summitt may not appeal a properly calculated sentence within the prescribed range. *See United States v. Epley*, 52 F.3d 571, 580 (6th Cir.1995). Summitt has not raised any specific challenge to the legality of his sentence. Moreover, the record shows that the applicable range was correctly calculated and that his sentence fell squarely within that range. Therefore, the sentence that Summitt received is simply not reviewable on appeal. *See id.; United States v. Velez*, 1 F.3d 386, 389 (6th Cir.1993).

As indicated above, Summitt's forty-six-month sentence fell in the middle of the applicable guideline range, and it also fell below the statutory maximum of fifteen years that was authorized by 18 U.S.C. § 2252(b)(1). No fines were imposed, and a three-year term of supervised release was authorized by 18 U.S.C. § 3583(b). Thus, we conclude that any direct challenge to Summitt's sentence would be unavailing.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.