**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul PEREZ, Defendant–Appellant.**

No. 03–2028.

United States Court of Appeals,
Sixth Circuit.

April 27, 2004.

John C. Bruha, U.S. Attorney's Office, Grand Rapids, MI, for Plaintiff–Appellee.

John R. Beason, Grand Rapids, MI, for Defendant–Appellant.

Paul Perez, Duluth, MN, pro se.

Before COLE and COOK, Circuit

Judges; and SPIEGEL, District Judge.*

### ORDER

Paul Perez pled guilty to conspiring to distribute at least 100 kilograms of marijuana. *See* 21 U.S.C. §§ 841(a)(1) *and* 846. On January 14, 2003, he was sentenced to ninety-two months of incarceration and five years of supervised release (amended judgment reentered 7/28/03). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(I), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Perez's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that Perez may wish to argue that his total offense level should have been reduced for acceptance of responsibility. Perez has filed a response to counsel's motion. He also moves for the appointment of new counsel and to hold his appeal in abeyance until new counsel is appointed.

The district court determined that Perez was competent to enter his plea. It further established that he understood his rights, the nature of the charges, and the consequences of his plea. Perez indicated that the decision to plead guilty was voluntary, and he acknowledged a sufficient factual basis for his plea. He was represented by counsel and he has not made any attempt to withdraw his guilty plea. Under these circumstances, we conclude that there are no viable grounds for challenging his conviction on direct appeal.

The presentence report indicated that Perez had a total offense level of twenty-six and a criminal history category of IV, which yielded a guideline range of 92 to 115 months. This calculation was based in part on the following assessment which indicates that Perez was not entitled to any reduction in his offense level for acceptance of responsibility:

> Mr. Perez tested positive for cocaine on August 27, 2002. Furthermore, FBI agents interviewed an individual on July 1, 2002, who detailed the sale of cocaine to her, by Mr. Perez, approximately one week prior to the interview. Moreover, Mr. Perez solicited her to drive him to various locations in western Michigan where he would either sell cocaine or purchase several ounces of cocaine, in order to supply his customers. For these reasons, Mr. Perez does not warrant a downward adjustment for having accepted responsibility in this matter.

The district court rejected defense counsel's arguments at sentencing and adopted the guideline range that was suggested by the presentence report.

■ A defendant is generally eligible for a reduction in his offense level for acceptance of responsibility if he pleads guilty prior to trial and truthfully admits the conduct that is relevant to his offense. USSG § 3E1.1, comment. (n.3) (2002). However, the sentencing court may also consider whether the defendant has voluntarily terminated or withdrawn from his criminal conduct and associations. *Id.* at comment. (n.1(b)). Hence, the district court properly declined to reduce Perez's offense level for acceptance of responsibility, as he did not offer any evidence to rebut the government's proof which plainly indicated that he had continued his crimi-

---

* The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

nal activities after he was initially indicted. *See United States v. Bennett,* 170 F.3d 632, 640 (6th Cir.1999).

The government offered the testimony of FBI Agent Greg Osborne, who testified that he had met with an individual named Lisa Schau on July 1, 2002, and that Schau advised him that she had purchased cocaine from Perez approximately one week earlier. Schau also provided Agent Osborne with a detailed account that was consistent with the probation officer's rendition of Perez's continued drug-trafficking activities.

■ Perez now asserts that Agent Osborne's testimony was uncorroborated hearsay. However, hearsay evidence is permitted in a sentencing hearing, as long as the defendant is given an opportunity to rebut the evidence and the evidence bears some minimal indicium of reliability. *United States v. Mayle,* 334 F.3d 552, 559 (6th Cir.2003). The district court did not abuse its discretion by relying on Osborne's testimony, as Perez did not present any evidence in rebuttal, even though he was given an opportunity to do so. It also appears that the court established a minimal indicium of reliability by questioning Osborne about his experience in interviewing individuals like Schau, by eliciting further details regarding Schau's statements, and by noting that her statements were consistent with Perez's use of cocaine in August. Indeed, the court's finding that Perez was not entitled to a § 3E1.1 reduction was independently supported by the undisputed fact that he had tested positive for cocaine in August of 2002.

Perez did not have any other unresolved objections to the presentence report and he did not raise any other significant legal

arguments at sentencing. Thus, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas-Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent here.

Accordingly, counsel's motion to withdraw is granted, all other pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.