**UNITED STATES of america,**
**Plaintiff–Appellee,**

v.

**Gary ELLIOTT, Defendant–Appellant.**

**No. 02–5686.**

United States Court of Appeals,
Sixth Circuit.

May 3, 2004.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, Stephen C. Smith, Asst. U.S. Attorney, U.S. Attorney's Office, London, KY, for Plaintiff–Appellee.

Gary Elliott, Manchester, KY, pro se.

Before SUHRHEINRICH and GIBBONS, Circuit Judges; and LAWSON, District Judge.*

*ORDER*

Gary Elliott pled guilty to aiding and abetting an attempt to manufacture approximately 188 grams of methamphetamine. *See* 21 U.S.C. § 846. On May 23, 2002, he was sentenced to eighty-four months of imprisonment and four years of

supervised release. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Elliott's newly appointed counsel has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Elliott did not file a timely response to counsel's motion, and an independent review of the record reveals no issue that would support a direct appeal in this case. *See id.*

Elliott agreed to plead guilty to the charge that is described above, in exchange for the government's promise to recommend the dismissal of several other charges. The plea agreement also included an express waiver of Elliott's right to appeal his guilty plea and conviction. The district court confirmed his understanding of the agreement, and there is no indication that the government failed to keep its part of the bargain. Therefore, Elliott has waived his right to appeal the validity of his conviction. *See United States v. Allison,* 59 F.3d 43, 46–47 (6th Cir.1995). We note, nonetheless, that the rearraignment transcript indicates that Elliott's plea was constitutionally valid and that the district court substantially complied with Fed. R.Crim.P. 11.

The presentence report indicated that Elliott had a total offense level of twenty-three and a criminal history category of IV, which yielded a guideline range of seventy to eighty-seven months. Elliott did not object to the report or raise any significant legal arguments at sentencing. Thus, he has forfeited any sentencing claims that he might have in the absence

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996).

No potential error is apparent from the present record. The record indicates that Elliott had reviewed the presentence report with his attorney, and the information in the report supports the sentencing range that was applied by the district court. The court imposed a sentence of eighty-four months of imprisonment, which fell within the applicable guideline range. This sentence also fell well below the forty-year statutory maximum that applies under 21 U.S.C. § 841(b)(1)(B)(viii). Hence, we conclude that any direct challenge to Elliott's sentence would be unavailing.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.