**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John W. LAWSON, Defendant–
Appellant.**

No. 03–5789.

United States Court of Appeals,
Sixth Circuit.

June 16, 2004.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, Hydee R. Hawkins, U.S. Attorney's Office, Lexington, KY, for Plaintiff–Appellee.

Matthew W. Boyd, Boyd & Boyd, Lexington, KY, for Defendant–Appellant.

John W. Lawson, Lexington, KY, pro se.

Before: KRUPANSKY and COLE, Circuit Judges; and COOK, District Judge.*

* The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation.

## ORDER

John W. Lawson pled guilty to attempting to manufacture methamphetamine, a violation of 21 U.S.C. § 846. On June 9, 2003, he was sentenced to 146 months of imprisonment and five years of supervised release. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Lawson is represented by a new attorney on appeal, who has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Lawson did not file a timely response to this motion, and an independent examination of the record does not reveal any issue that would support a viable appeal.

■ Lawson agreed to plead guilty in exchange for the government's promise to recommend the dismissal of several other charges. The plea agreement also included the following waiver of his right to appeal:

> 15. The Defendant waives the statutory right to appeal the guilty plea, conviction, and any sentence within the applicable sentencing guidelines. The Defendant also waives the statutory right to attack collaterally the guilty plea, conviction, and any sentence within the applicable sentencing guidelines.

The district court confirmed Lawson's understanding of this agreement when he was rearraigned, and there is no indication that the government failed to keep its part of the bargain. Thus, Lawson has waived the right to appeal the validity of his conviction and sentence. *See United States v. Allison,* 59 F.3d 43, 46–47 (6th Cir.1995).

■ We note, nonetheless, that Lawson's guilty plea was knowing and voluntary and that the trial judge substantially complied with the requirements of Fed. R.Crim.P. 11. Lawson was represented by counsel and he has not made any attempt to withdraw his plea. Under these circumstances, we conclude that there are no viable grounds for challenging his conviction on direct appeal.

■ The presentence report indicated that Lawson had a total offense level of thirty-seven and a criminal history category of IV, yielding a guideline range of 292 to 365 months of imprisonment. However, the district court departed from the applicable range and imposed a sentence of only 146 months. *See* USSG § 5K1.1. Lawson did not object to the presentence report or raise any significant legal arguments at sentencing. Thus, he has forfeited any sentencing claims that he might have had in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996).

■ Counsel suggests that Lawson may wish to argue that the court erred when it increased his total offense level because a minor had been endangered during the offense. *See generally* USSG § 2D1.1(b)(5)(C). However, Lawson waived his right to appeal a sentence within the applicable guideline range. *See Allison,* 59 F.3d at 46–47. The applicable range of 292 to 365 months was consistent with the plea agreement, which specifically provides for a six-level increase in his total offense level under § 2D1.1(b)(5)(C). Moreover, the district court departed below that range by more than twelve years, when it imposed a sentence of only 146 months.

Accordingly, counsel's motion to withdraw is granted and the district court's

judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.