UNITED STATES of America, Plaintiff–Appellee,

v.

Vincent COOMES, Defendant–Appellant.

No. 03–4102.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2004.

Michael E. Karam, Andrew J. Kameros, Robert E. Lindsay, Alan Hechtkopf, Washington, DC, for Plaintiff–Appellee.

Vincent Coomes, Cincinnati, OH, pro se.

Before: CLAY and GILMAN, Circuit Judges; and O'MALLEY, District Judge.*

### ORDER

Vincent Coomes, a federal prisoner proceeding through counsel, appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A grand jury indicted Coomes on misdemeanor charges of failing to file income tax returns for the 1994 to 1997 tax years, in violation of 26 U.S.C. § 7203. The case was referred to a magistrate judge for final disposition by the consent of the parties. Following a psychiatric evaluation of Coomes at the government's request, the magistrate judge conducted a competency hearing and concluded that Coomes was competent to stand trial. Coomes thereafter entered a nolo contendere plea, without benefit of a written plea agreement, to all four counts of the indictment. His guideline range of imprisonment was calculated to be 8 to 14 months, based on a total offense level of 11 and a criminal history category of I. Neither party filed objections to the presentence report (PSR). At sentencing, the magistrate judge departed downward from the guideline range on the basis of diminished mental capacity, *see* USSG § 5K2.13, and ordered Coomes to serve two years of probation and to pay $27,475.97 in restitution, $2,000 as a fine, and $100 as a special assessment.

Coomes's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to

*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After reviewing the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issues of whether Coomes was competent to enter a plea and whether he was properly sentenced. Coomes was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we conclude that the motion to withdraw must be granted as counsel has filed an acceptable *Anders* brief.

The determination of a defendant's competence is a factual finding this court reviews for clear error. *United States v. Branham,* 97 F.3d 835, 855 (6th Cir.1996). A defendant meets the constitutional standard for competency if he has: 1) the sufficient present ability to consult with his counsel, 2) with a reasonable degree of rational understanding, and 3) a rational, factual understanding of the criminal proceedings against him. *Godinez v. Moran,* 509 U.S. 389, 398–99, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993); *Dusky v. United States,* 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). The statutory embodiment of this standard is found at 18 U.S.C. § 4241. A court need only find "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241.

■ The magistrate judge's finding of competency was not clearly erroneous. At the competency hearing, the court heard

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

the testimony of two psychiatrists. Dr. Herbel of the Federal Medical Center in Butler, North Carolina, testified that Coomes was calm, cooperative, and appropriate throughout his two-month stay at Butler. Dr. Herbel acknowledged that Coomes understood the facts of the case, how court procedures work, and the three possible pleas. Dr. Herbel expressed concern, however, about whether Coomes's perception of having messages from God would prevent him from behaving in a way a reasonable defendant would. Dr. Herbel testified that Coomes believed he could not enter a guilty plea or turn over records without risking eternal damnation. Finally, Dr. Herbel noted that Coomes was vested in appearing competent and was guarded about disclosing other beliefs.

The other psychiatrist, Dr. Kotcher of the Cincinnati Veterans' Administration Medical Center, testified that he had been counseling Coomes for several months for depression. He stated that Coomes's belief system could be either a religious conviction or a delusional disorder. But Dr. Kotcher ultimately concluded that the belief system was a religious conviction because it was an internally consistent story and Coomes's actions matched his beliefs. Thus, Dr. Kotcher opined that Coomes was competent to stand trial.

After the hearing, the magistrate judge issued an order, finding that Coomes was competent and stating, "We are convinced from our own observations of Mr. Coomes, from our conversations with him at previous hearings and from the totality of the evidence before us that he can and will assist in his own defense and that he is competent to stand trial." There was no error in this regard.

■ Coomes was properly sentenced. A defendant may only appeal his sentence on the grounds that: 1) it was imposed in violation of law; 2) it was imposed as a result of an incorrect application of the Sentencing Guidelines; 3) it represented an upward departure from the applicable guideline range; or 4) it is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a); *United States v. Lively,* 20 F.3d 193, 196–97 (6th Cir.1994). Moreover, if a defendant does not object to sentencing errors at the time of sentencing, the defendant forfeits his right to raise the errors on appeal and this court will review the sentence only for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996).

Coomes did not raise any objections at sentencing, and review of the sentence does not reveal any plain error. The transcript of the sentencing hearing reflects that Coomes and his counsel were present and were given ample opportunity to comment on the PSR. The 1997 version of the guidelines was used in order to avoid ex post facto problems in calculating the offense level. The base offense level was properly deemed to be 13 because the tax loss amount exceeded $40,000, but was less than $70,000. *See* USSG §§ 2T1.1(a)(1), 2T1.1(c)(2), and 2T4.1(H) (1997). The offense level was then reduced by two levels to 11, based on Coomes's acceptance of responsibility. *See* USSG § 3E1.1. Coomes's criminal history category was properly calculated as I, based on zero criminal history points, and resulted in a guidelines range of imprisonment of 8 to 14 months. *See* USSG Ch.5, Pt.A. The magistrate judge then permissibly departed downward on the basis of diminished mental capacity and ordered him to serve two years of probation, reasoning that Coomes's criminal history did not indicate a need to incarcerate him to protect the public. *See* USSG § 5K2.13.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.